UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-03-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| DAVID RODGERS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion To Transfer Proceedings" filed by the defendant, David Rodgers ("Rodgers"). See Record Document 34. The Government opposes Rodgers' motion. See Record Document 38. Based on the following, the motion to transfer is **DENIED**.

On January 13, 2021, Rodgers was charged in a three-count indictment with identity theft, false document, and aggravated identity theft. The crimes are alleged to have been committed in both the Western District of Louisiana and the Northern District of Georgia. See Record Document 1. However, Rodgers asserts that the acts that "led up to the Indictment occurred in the Alexandria courthouse." Record Document 34-1 at 5. Rodgers currently lives in the Northern District of Georgia and requests that the instant proceeding and trial be transferred to the Northern District of Georgia pursuant to Federal Rules of Criminal Procedure 21(a) and (b) and 18.[1] In the alternative, Rodgers requests that the matter be transferred to another district outside of the Western District of Louisiana.

---

[1] Federal Rule of Criminal Procedure 18 provides: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." This rule governs intradistrict transfers--a matter not currently before the Court. See United States v. Lipscomb, 299 F.3d 303, 340 (5th Cir. 2002). Accordingly, the Court will proceed to analyze Rodgers' requests under Federal Rule of Criminal Procedure 21(a) and (b).

Rodgers admits that the activities he is charged with "occurred in the Alexandria courthouse and involved conversations with one or more court personnel and individuals working with the U.S. Marshal Service in the courthouse" and that the "main witnesses against [him] will be the agency that protects and manages the day to day operations of the courthouse." Record Document 34 at 4. Rodgers argues, however, that "[a]lthough judges have to make difficult decisions in every case, the connection with the marshal service and the courthouse does raise concerns…." Record Document 34-1 at 2.

The Court first notes that Rodgers is not entitled to a hearing on this matter, as he has not alleged sufficient facts which, if proven, would justify a transfer of venue. See United States v. Wilcox, 631 F.3d 740, 747 (5th Cir. 2011). His conclusory insinuations will not suffice.

Federal Rule of Criminal Procedure 21(a) states: "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district **if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there**." (emphasis added). In this matter, Rodgers has not satisfied the Court that so great a prejudice against him exists that he cannot obtain a fair and impartial trial in this district.

Federal Rule of Criminal Procedure 21(b) provides: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." A district court should consider the following factors when ruling upon a motion made pursuant to Federal Rule of Criminal Procedure 21(b): "(1) the location or residence of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the parties' expenses; (6) the location of counsel;

(7) the relative accessibility of place of trial; (8) the docket condition of each district or division involved; and (9) any other special elements which might affect the transfer." United States v. Ubak-Offiong, 364 F. App'x 859, 862-63 (5th Cir. 2010) (citing Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 245, 84 S. Ct. 769 (1964)).

Rodgers currently resides in the Northern District of Georgia. However, the case arose while Rodgers resided, worked and was being supervised in the Western District of Louisiana. Furthermore, the second, third and fourth Platt factors also weigh in favor of jurisdiction being retained in the Western District of Louisiana. In addition, the sixth and eighth Platt factors also weigh in favor of the Western District of Louisiana, as a transfer would likely result, by Rodgers' own admission, in new local counsel being appointed to represent Rodgers, causing delay and unnecessary burden.

For the foregoing reasons, Rodgers has simply not met his burden. Accordingly, **IT IS ORDERED** that Rodgers' request that this proceeding be transferred to the Northern District of Georgia is **DENIED**. Furthermore, Rodgers' request that the proceeding be transferred out of the Western District of Louisiana is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 25th day of August, 2021.

*Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE